IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

      v.                              :   Criminal No. 07-730-01

BERNARD J. BAGDIS               :

ORDER APPROVING SETTLEMENT AGREEMENT

AND NOW, this __19th__ day of __August__, 2019, upon consideration of the Motion of United States of America to Approve Settlement Agreement, and the government having advised the Court that the parties, specifically, the government, Petitioners Pamela Bagdis, Kit Donner, and Kimberly Bagdis, and the law firm of Carter Ledyard & Milburn LLP entered into a written settlement agreement resolving their claims to certain gold and silver coins that the government seized in this case, for cause shown, the Court concludes that it should grant the motion, and, therefore, it is hereby

ORDERED that the Motion of United States of America to Approve Settlement Agreement is GRANTED; and it is further

ORDERED that the Settlement Agreement attached as Exhibit A to this Order is APPROVED; and it is further

ORDERED that, in accordance with the Settlement Agreement, the petitions filed by Pamela Myers Bagdis, in her own capacity and as Executrix for the Estate of Edyth Kearney Myers (ECF Nos. 706, 707, 708), Kit Donner (ECF

No. 709), and Kimberly Bagdis (ECF No. 710) are WITHDRAWN; and it is further

ORDERED that the renewed motion of defendant Bernard Bagdis for return of property (ECF No. 583) is DENIED AS MOOT; and it is further

ORDERED that the government's motion requesting the Court to authorize the sale of the seized coins (ECF No. 694) and the claim of the law firm of Carter Ledyard & Milburn LLP in response to that motion are DENIED AS MOOT; and it is further

ORDERED that the motion of the law firm of Carter Ledyard & Milburn LLP to seeking to preclude the government from changing its position regarding the validity of the law firm's claim to the seized coins (ECF No. 730) is DENIED AS MOOT.

                                        HONORABLE J. CURTIS JOYNER
                                        United States District Judge

# EXHIBIT – A

# SETTLEMENT AGREEMENT

THIS AGREEMENT is made this _____ day of _____, 2019, by the UNITED STATES OF AMERICA, c/o Joseph F. Minni and David J. Ignall, Assistant United States Attorneys; BERNARD J. BAGDIS ("Defendant"); PAMELA MYERS BAGDIS, as Executrix for the Estate of EDYTH KEARNEY MYERS and in her personal capacity, KIT DONNER, and KIMBERLY BAGDIS, by their attorney (collectively, "Petitioners"); and the law firm of CARTER LEDYARD & MILBURN LLP as follows:

## BACKGROUND

WHEREAS, on October 20, 2004, federal agents executed a search warrant on the home and office buildings of Defendant Bernard Bagdis and his wife, Petitioner Pamela Myers Bagdis; and

WHEREAS, as a result of the search, federal agents recovered approximately 508 ounces of bullion gold coins from a vault in the basement of one of the Bagdis' office buildings, located at 1202 DeKalb Pike, Blue Bell, Pennsylvania; and

WHEREAS, as a result of the search, in addition to the gold coins, federal agents recovered eight bags of "junk" silver coins, constituting two lots (or "two bags") from the same vault in the basement of that same office building (collectively "Seized Coins"); and

WHEREAS, it is alleged that the gold and silver coins seized during the execution of the search warrant belong to a number of identified individuals and

were segregated within the vault and later collected by the agents for the United States in separate evidence bags during their removal; and

WHEREAS, on October 24, 2013, following a remand for sentencing from the Court of Appeals, the United States District Court for the Eastern District of Pennsylvania, in *United States v. Bernard J. Bagdis*, Case No. 07-CR-730, resentenced Bagdis and ordered him to pay $2,494,493 in restitution to the IRS, a $75,000 criminal fine, and a $2,475 special assessment. Although Bagdis and his co-defendants to date have received certain credit for the payment of restitution, the debt remains outstanding, the balance of which exceeds the value of the Seized Coins; and

WHEREAS, under federal law, a lien exists in favor of the United States and against all property and rights to property owned by Defendant to secure payment of restitution and the criminal fine; and

WHEREAS, the Defendant, on behalf of himself and in his capacity as fiduciary for the other individual owners, by and through his attorneys, began asking for return of this property from the government in approximately 2004. Defendant thereafter filed motions under Federal Rule of Criminal Procedure Rule 41(g) with the United States District Court in the Eastern District of Pennsylvania from 2010 through 2017 seeking the return of the Seized Coins; and

WHEREAS, the law firm of Carter Ledyard & Milburn LLP, who previously served as counsel for Defendant in the Criminal Action, also claims an interest in

the Seized Coins by virtue of a security agreement and UCC-1 Financing Statement to secure payment of fees owed by Defendant to CL&M; and

WHEREAS, on February 1, 2018, the United States District Court in the Eastern District of Pennsylvania approved the return of 100% of the claim for 250 gold bullion coins (each of 1 oz) asserted by co-defendant William K. Acosta; and

WHEREAS, on April 2, 2018, Petitioners, through their counsel, filed petitions with the United States District Court in the Eastern District of Pennsylvania, that is, Pamela Myers Bagdis, daughter of Edyth Kearney Myers, in her own capacity and as Executrix for the Estate of Edyth Kearney Myers (ECF Nos. 706, 707, 708); Kit Donner, daughter of Edyth Kearney Myers (ECF No. 709); and Kimberly Bagdis, granddaughter of Edyth Kearney Myers (ECF No. 710); and

WHEREAS, the Petitions seek the return of certain gold and silver coins, *i.e.*, Seized Coins, that were seized by the government during the execution of the search warrant on October 20, 2004; and

WHEREAS, the parties have entered into this Agreement to settle their respective claims against the Seized Coins.

NOW THEREFORE, the parties, intending to be legally bound, and subject to court approval, agree to a return of the specified gold and silver coins in full satisfaction of their claims, under the following terms and conditions:

## TERMS OF AGREEMENT

1. As soon as practicable after entry of an Order approving this settlement, the government shall return to Petitioners, or their counsel, Richard P. Myers, Esquire, or other authorized representative or agent, the following Seized Coins currently in its possession:

   a. Pamela Bagdis will receive 60 1-oz U.S. Liberty $50 gold coins, which she asserts were part of her Individual Retirement Account;

   b. Kit Donner will receive: (1) 31 1-oz Austrian 2000 Schilling gold coins; (2) one 1-oz Chinese Panda gold coin; and (3) 12 1-oz South African Krugerrands; and

   c. Kimberly Bagdis will receive the silver coins listed in her petition.

2. As soon as practicable after entry of an Order approving this settlement, the United States Marshals Service shall sell the remaining gold coins in a commercially reasonable manner through its authorized agent or representative as follows:

   a. The United States Marshals Service first shall be entitled to collect its costs and expenses from the sale.

   b. The law firm of Carter, Ledyard & Milburn shall receive the first $150,000 in net proceeds from the sale.

   c. The United States Marshals Service shall remit the remaining proceeds to the Clerk of Court, United States District Court for the Eastern

District of Pennsylvania, which shall be applied in partial satisfaction of restitution that the Defendant owes to the Internal Revenue Service in the Criminal Action.

3. The Petitioners and the law firm of Carter, Ledyard & Milburn agree to accept the coins and/or payment, as set forth in paragraphs one and two, above, in full satisfaction of any and all claims and interests that they have asserted against the Seized Coins.

4. This agreement shall not constitute an admission of liability or fault on the part of the United States of America or its agents.

5. Pamela Myers Bagdis, as the Executrix of the Estate of Edyth Kearney Myers and in her own capacity, Kit Donner, Kimberly Bagdis, the law firm of Carter, Ledyard & Milburn LLP, and Bernard J. Bagdis release and forever discharge the United States of America, the United States Department of Justice (including its United States Attorney's Offices), the United States Marshals Service, Internal Revenue Service, and their officers, agents, servants and employees, their heirs, successors or assigns, and all law enforcement personnel working with them from any and all actions, causes of action, suits, or proceedings, debt, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which they, the Estate of Edyth Kearney Myers, and their heirs, successors, or assigns ever had, now have, or have in the future in connection with their actions in the recovery the Seized Coins.

6. The parties shall each bear their respective attorney's fees and costs.

7. Each of the parties participated and cooperated in the drafting and preparation of this Agreement, and, therefore, the parties agree that neither this Agreement, nor its terms, should be construed against any of the parties.

8. No additional promises, agreements, and conditions have been entered into concerning the Seized Coins other than those set forth in this Agreement, and none will be unless in writing and signed by the parties.

9. This agreement may be executed in counterparts, each of which may be transmitted by facsimile, .pdf, or other means of electronic transmission as effectively as "wet" signatures, and each of which shall constitute an original and all of which together shall constitute one and the same document.

FOR THE PARTIES:

WILLIAM M. McSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section

_____          _____
JOSEPH F. MINNI                                          Date
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Financial Litigation Section

_____          _____
DAVID J. IGNALL                                          Date
Assistant United States Attorney

_____    _____
BERNARD J. BAGDIS                 Date
Defendant


_____    _____
PAMELA BAGDIS                     Date
Petitioner


_____    _____
KIT DONNER                        Date
Petitioner


_____    _____
KIMBERLY BAGDIS                   Date
Petitioner


_____    _____
RICHARD P. MYERS, ESQUIRE         Date
Counsel for Petitioners


_____    _____
ALAN LEWIS, ESQUIRE               Date
Carter, Ledyard & Milburn LLP